35 F.3d 574
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Richard Dee THOMAS, Plaintiff-Appellant,
v.
Ignacio BRIONES, individually and in his capacity as an
Out-Court Coordinator for Utah State Prison; Colleen
Gabbitas, individually and in her capacity as an Executive
Officer for the Utah State Prison; Lynn Jorgensen,
individually and in his capacity as a Warden at the Utah
State Prison; Ken Halterman, individually and in his
capacity as a Corrections Investigator for the Department of
Corrections; Blake Nielsen, individually and in his
capacity as the Classification Officer at the Utah State
Prison; Rick Rasmussen, individually and in his capacity as
an FBI Agent for the State of Utah; Jeff Galli,
individually and in his capacity as an employee for the
Department of Corrections; Andrew Hunt, individually and in
his capacity as a Case Worker for the Department of
Corrections; Roxanne Bennett, individually and in her
capacity as an employee for the Utah Department of
Corrections, Defendants-Appellees.
 No. 94-4112.
 United States Court of Appeals, Tenth Circuit.
 Sept. 7, 1994.
 
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Richard Dee Thomas, a prisoner of the State of Utah, appeals from an order granting summary judgment dismissal of his pro se 42 U.S.C.1983 action. In his suit, Thomas contended defendants were to provide him with special protection and institutional housing in exchange for his acting as an informant. He alleged defendants failed to abide by their agreement.
 
 
 3
 The complaint against the sole federal defendant was dismissed because Thomas failed to aver the federal defendant acted under color of state law as required by 1983, and he was entitled to qualified immunity in any event. The state defendants were dismissed because they had either not participated in Thomas' institutional classification or because the undisputed facts demonstrated defendants did not breach any agreement made with him about his incarceration. The magistrate judge concluded as a matter of law, in the absence of a clear promise of particular classification, a prisoner has no liberty interest in the place of his institutional confinement. As a parallel, the court found from the uncontroverted evidence no such promise was made. It also found undisputed the changes in plaintiff's classification were the result of his own conduct violating institutional rules.
 
 
 4
 We have examined the record and conclude the findings and recommendations of the magistrate judge are fully supportable. Accordingly, we AFFIRM the judgment of the district court for the reasons stated in the Reports dated February 9, 1944 and February 25, 1944.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470